**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF TEXAS

Case number *(if known)* _____   Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **HGE FIC Q LLC** |

| | | |
|---|---|---|
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | **DBA  Guidepost Montessori**<br>**DBA  Guidepost Montessori Kentwood**<br>**DBA  Guidepost Montessori at Kentwood** |

| | | |
|---|---|---|
| 3. | Debtor's federal Employer Identification Number (EIN) | **88-1133122** |

| | | |
|---|---|---|
| 4. | Debtor's address | **Principal place of business** | **Mailing address, if different from principal place of business** |

**1321 Upland Dr.**
**PMB 20442**
**Houston, TX 77043**
Number, Street, City, State & ZIP Code

**1321 Upland Dr.**
**PMB 20442**
**Houston, TX 77043**
P.O. Box, Number, Street, City, State & ZIP Code

**Harris**
County

**Location of principal assets, if different from principal place of business**
**2376 E Paris Ave SE Kentwood, MI 49546**
Number, Street, City, State & ZIP Code

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | |

| | | |
|---|---|---|
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: |

Debtor   **HGE FIC Q LLC**                                              Case number (*if known*) _____
    Name

**7.**   **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    __6111__

**8.**   **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.**   **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10.**   **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

| Debtor | HGE FIC Q LLC | Case number (*if known*) |
|---|---|---|
| | Name | |

| List all cases. If more than 1, attach a separate list | Debtor | **See attached Rider** | Relationship | |
|---|---|---|---|---|
| | District | | When | Case number, if known | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds** . *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ■ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **HGE FIC Q LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June 17, 2025**
                MM / DD / YYYY

**X** **/s/ Jonathan McCarthy**                                        **Jonathan McCarthy**
Signature of authorized representative of debtor          Printed name

Title    **Interim President and Secretary**

---

**18. Signature of attorney**    **X** **/s/ Holland N. O'Neil**                    Date    **June 17, 2025**
                                Signature of attorney for debtor                    MM / DD / YYYY

**Holland N. O'Neil 14864700**
Printed name

**Foley & Lardner LLP**
Firm name

**2021 McKinney Avenue**
**Suite 1600**
**Dallas, TX 75201**
Number, Street, City, State & ZIP Code

Contact phone    **214-999-3000**    Email address    **honeil@foley.com**

**14864700 TX**
Bar number and State

**Fill in this information to identify the case:**

Debtor name **Higher Ground Education, Inc.**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known): _____

## Rider 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "**Debtors**") filed a petition in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Higher Ground Education, Inc.

- Higher Ground Education, Inc.
- Guidepost A LLC
- Prepared Montessorian LLC
- Terra Firma Services LLC
- Guidepost Branchburg LLC
- Guidepost Birmingham LLC
- Guidepost Bradley Hills LLC
- Guidepost Carmel LLC
- Guidepost FIC B LLC
- Guidepost FIC C LLC
- Guidepost Goodyear LLC
- Guidepost Las Colinas LLC
- Guidepost Leawood LLC
- Guidepost Muirfield Village LLC
- Guidepost Richardson LLC
- Guidepost South Riding LLC
- Guidepost St. Robert LLC
- Guidepost The Woodlands LLC

- Guidepost Walled Lake LLC
- HGE FIC D LLC
- HGE FIC E LLC
- HGE FIC F LLC
- HGE FIC G LLC
- HGE FIC H LLC
- HGE FIC I LLC
- HGE FIC K LLC
- HGE FIC L LLC
- HGE FIC M LLC
- HGE FIC N LLC
- HGE FIC O LLC
- HGE FIC P LLC
- HGE FIC Q LLC
- HGE FIC R LLC
- LePort Emeryville LLC
- AltSchool II LLC

# United States Bankruptcy Court
## Northern District of Texas

In re  __HGE FIC Q LLC__

Debtor(s)

Case No. _____

Chapter  __11__

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **EB5AN Investment Management, LLC** | **Class C Member** | | |
| **Guidepost A LLC**<br>**1321 Upland Dr.**<br>**PMB 20442**<br>**Houston, TX 77043** | **Class A Member** | | **99.8%** |
| **Rosemeire Aparecida Capelate de Olivei** | **Class B Member** | | **0.2%** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Interim President and Secretary** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  __June 17, 2025__

Signature  __/s/ Jonathan McCarthy__

__Jonathan McCarthy__

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
## Northern District of Texas

In re    **HGE FIC Q LLC**

Debtor(s)

Case No.

Chapter    **11**

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **HGE FIC Q LLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Guidepost A LLC
1321 Upland Dr.
PMB 20442
Houston, TX 77043**

☐ None [*Check if applicable*]

**June 17, 2025**

Date

**/s/ Holland N. O'Neil**

**Holland N. O'Neil 14864700**

Signature of Attorney or Litigant

Counsel for   **HGE FIC Q LLC**

**Foley & Lardner LLP**

**2021 McKinney Avenue
Suite 1600
Dallas, TX 75201
214-999-3000 Fax:214-999-4667
honeil@foley.com**

**Fill in this information to identify the case:**

Debtor name: Higher Ground Education, Inc.

United States Bankruptcy Court for the Northern District of Texas

Case number (if known): 

☐ Check if this is an amended filing

<u>Official Form 204</u>

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**   **12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | GUIDEPOST FINANCIAL PARTNER, LLC ATTN: DANIEL A. ROSE 9440 ENTERPRISE DRIVE MOKENA, IL 60448 | ATTN: DANIEL A. ROSE PHONE: 708-390-1625 EMAIL: SFORDE@LFIREALESTATE.COM | NOTE PAYABLE WITH ACCRUED INTEREST | CONTINGENT, UNLIQUIDATED, AND DISPUTED | | | $13,294,203.78 |
| 2 | 775 COLUMBUS LLC ATTN: IFETA LJESNJANIN AND JEFFREY DAVIS C/O COLUMBUS SQUARE MANAGEMENT 792 COLUMBUS AVE, SUITE 1E NEW YORK, NY 10025 | ATTN: IFETA LJESNJANIN AND JEFFREY DAVIS PHONE: 914-589-6433 EMAIL: IFETA@COLUMBUSSQ.COM; JDAVIS@COLUMBUSSQ.COM | UNPAID RENT | | | | $1,491,868.78 |
| 3 | 214 E HALLENDALE BEACH LLC ATTN: MARTIN SAIDON 1396 BRICKELL AVE SUITE 760 MIAMI, FL 33131 | ATTN: MARTIN SAIDON PHONE: 305-692-0334 EMAIL: MARTIN@FORTECNOW.COM; ALEXANDRA@FORTECNOW.COM;DJS@SERBERLAWFIRM.COM | UNPAID RENT | | | | $939,767.26 |
| 4 | STRIPE, INC. ATTN: CLAY BIGGERSTAFF 354 OYSTER POINT BOULEVARD SOUTH SAN FRANCISCO, CA 94080 | ATTN: CLAY BIGGERSTAFF PHONE: 888-926-2289 EMAIL: CLAY@STRIPE.COM | TRADE DEBT | | | | $834,000.00 |
| 5 | ORCHARD CLARK LLC ATTN: STEVEN CHMELIK 9440 ENTERPRISE DR. MOKENA, IL 60448 | ATTN: STEVEN CHMELIK PHONE: 708-390-1623 EMAIL: SCHMELIK@LFIREALESTATE.COM; SFORDE@LFIREALESTATE.COM; DROSE@LFIREALESTATE.COM | UNPAID RENT | | | | $791,835.15 |
| 6 | GOOGLE LLC ATTN: DIRECTOR OR OFFICER DEPT. 33654 PO BOX 39000 SAN FRANCISCO, CA 94139 | ATTN: DIRECTOR OR OFFICER PHONE: 212-688-8895 EMAIL: MDF@SUSSMAN-FRANKEL.COM | TRADE DEBT | | | | $697,976.75 |
| 7 | PROLIANTS INVESTMENT, LLC ATTN: LUCAS LEQUERICA 1615 FERDINAND ST CORAL GABLES, FL 33134 | ATTN: LUCAS LEQUERICA PHONE: 305-301-6285 EMAIL: LUCASLEQUERICA@HOTMAIL.COM; RRASCO@RASCOKLOCK.COM | UNPAID RENT | | | | $625,119.75 |
| 8 | 10300 RIVERSIDE LLC and 26300 SOUTHFIELD LLC ATTN: MANOJ MANWANI C/O CANYON PARK CAPITAL 41000 WOODWARD AVE., STE. 350 E. BLDG BLOOMFIELD HILLS, MI 48302 | ATTN: MANOJ MANWANI PHONE: 248-433-6096 EMAIL: CANYONPARKCAPITAL@GMAIL.COM; GSMCGREGOR@WWRPLAW.COM | UNPAID RENT | | | | $532,739.59 |
| 9 | SCHOOL OF PRACTICAL PHILOSOPHY ATTN: ALLAN MOLLER 12 EAST 79TH STREET NEW YORK, NY 10075 | ATTN: ALLAN MOLLER PHONE: 877-744-5669 EMAIL: ASM110@EARTHLINK.NET | UNPAID RENT | | | | $530,333.32 |
| 10 | RTS ORCHARDS LLC ATTN: RODNEY STIEFVATER, MANAGER 4831 CALLOWAY DR, STE 102 BAKERSFIELD, CA 93312 | ATTN: RODNEY STIEFVATER, MANAGER PHONE: 661-829-5109 EMAIL: KIM@RTSAG.COM; TERRY@RTSAG.COM; CSCHARMEN@MDTLAW.COM | UNPAID RENT | | | | $525,657.49 |
| 11 | STIEFVATER ORCHARDS LP ATTN: MARCI LANGDON C/O ORO VISTA FARMS LLC 4831 CALLOWAY DR, SUITE 102 BAKERSFIELD, CA 93312 | ATTN: MARCI LANGDON PHONE: 661-829-5109 EMAIL: MARCI@OROVISTAFARMS.COM; TERRY@RTSAG.COM; ALEX@OROVISTAFARMS.COM | UNPAID RENT | | | | $514,900.97 |
| 12 | QUATTRO RICHMOND LLC ATTN: ROB WALTERS 1100 JORIE BLVD, SUITE 140 OAK BROOK, IL 60523 | ATTN: ROB WALTERS EMAIL: ROB@QUATTRODEVELOPMENT.COM; JOHN@GARIBALDILAWFIRM.COM | UNPAID RENT | | | | $512,416.66 |
| 13 | ZHAO ZHIQIU RM. 902, NO. 19 LANE 1599 DINGXIANG SHANGHAI, MINGANG DISTRICT 20000 CHINA | | NOTE PAYABLE WITH ACCRUED INTEREST | CONTINGENT, UNLIQUIDATED, AND DISPUTED | | | $500,000.00 |
| 14 | PURCELLVILLE BUILDING LLC AND SYED NOOR ZAMAN AND KHALIDA ZAMAN ATTN: HASAN M. IBRAHIM C/O TRI BOROUGH MANAGEMENT 1509 DODONA TERRACE, SUITE 205 LEESBURG, VA 20175 | ATTN: HASAN M. IBRAHIM EMAIL: HASAN@HMIPROPERTY.COM | UNPAID RENT | | | | $491,155.50 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 HAYJACK LLC ATTN: WANDA WELLS, MANAGING MEMBER; MARLOW PETERSON, CPA 24 SENDERO RANCHO SANTA MARGARITA, CA 92688 | ATTN: WANDA WELLS, MANAGING MEMBER; MARLOW PETERSON, CPA PHONE: 949-589-9185 EMAIL: WWWWELLS@YAHOO.COM; CPA@MARLOWPETERSONCPA.COM; CPA@MARLOWPETERSONCPA.COM | UNPAID RENT | | | | $488,297.16 |
| 16 624 W. CHURCH, LLC ATTN: RYAN J STIEFVATER 77 EL NIDO DRIVE NAPA, CA 94559 | ATTN: RYAN J STIEFVATER PHONE: 707-696-5306 EMAIL: RYAN@54HOLDINGS.COM | UNPAID RENT | | | | $484,155.92 |
| 17 LLOYD WELLS GIFT TRUST DTD NOV 24 1987 AND TOBY WELLS FOUNDATION ATTN: ADRIENNE WELLS HOLMES 17083 OLD COACH ROAD POWAY, CA 92064 | ATTN: ADRIENNE WELLS HOLMES PHONE: 619-302-7266 EMAIL: ADRIENNEHOLMES@CECO-CAL.COM; LLOYDWELLS@CECO-CAL.COM | UNPAID RENT | | | | $481,928.52 |
| 18 1710 WOODMONT BLVD LLC ATTN: SCOTT REMPHREY 25 HIGHLAND PARK VILLAGE, SUITE 100-776 DALLAS, TX 75205 | ATTN: SCOTT REMPHREY PHONE: 214-632-4860 EMAIL: MAIL@SREMPHREY.COM; JOHN@GARIBALDILAWFIRM.COM | UNPAID RENT | | | | $478,584.00 |
| 19 18265 HIGHWAY 49 LLC ATTN: CHARLES H. HAYS, JR 7682 CALLAWAY DR RANCHO MURIETA, CA 95683 | ATTN: CHARLES H. HAYS, JR PHONE: 209-256-0448 EMAIL: CHHAYSJR@GMAIL.COM | UNPAID RENT | | | | $476,289.48 |
| 20 3741 BUCHANAN STREET ASSOCIATES LLC ATTN: DINO D'ERCOLE ATTN MR. DINO D'ERCOLE 790 26TH AVENUE SAN MATEO, CA 94403 | ATTN: DINO D'ERCOLE EMAIL: DINOD@NIBBI.COM; SREUBEN@REUBENLAW.COM | UNPAID RENT | | | | $467,224.99 |
| 21 DC NEWTON WELLS LLC ATTN: TYLER ARSENAULT 1000 LENOLA ROAD SUITE 100 MAPLE SHADE, NJ 08052 | ATTN: TYLER ARSENAULT PHONE: 856-778-4900 EMAIL: RMHILL@RETAILSITES.NET; TARSENAULT@RETAILSITES.NET | UNPAID RENT | | | | $465,991.01 |
| 22 CATHY EUNJOO LIM ATTN: SOPHIEA KIM 1706 EMBARCADERO LANE BAKERSFIELD, CA 93311 | ATTN: SOPHIEA KIM PHONE: 213-718-4949 EMAIL: SOPHIEA.JK@GMAIL.COM | UNPAID RENT | | | | $447,357.95 |
| 23 PURE TEMPE PARTNERSHIP ATTN: MICHAEL PURE 1566 OAK AVENUE EVANSTON, IL 60201 | ATTN: MICHAEL PURE EMAIL: MWPURE@GMAIL.COM | UNPAID RENT | | | | $447,045.54 |
| 24 ATKINSON REAL ESTATE LEGACY PARTNERSHIP 2 LP ATTN: JANA ATKINSON RODICH 9923 NORTH UINTA KAMAS, UT 84036 | ATTN: JANA ATKINSON RODICH EMAIL: JANA@RODICH.NET; LKRAFT@PALOSVERDESCP.COM; MRODICH@PALOSVERDESCP.COM; DVALLAS@POLSINELLI.COM | UNPAID RENT | | | | $444,511.08 |
| 25 CHICAGO 1000 WASHINGTON LLC ATTN: DUBBIN HANON C/O EXCEL PROPERTY CONSULTING, LLC 2 ETHEL ROAD SUITE 205A EDISON, NJ 08817 | ATTN: DUBBIN HANON PHONE: 212-372-7276 EMAIL: DH@EXCELPC.NET | UNPAID RENT | | | | $438,743.28 |
| 26 9930 VALLEY RANCH PKWY LLC ATTN: SCOTT REMPHREY 25 HIGHLAND PARK VILLAGE, SUITE 100-776 DALLAS, TX 75205 | ATTN: SCOTT REMPHREY PHONE: 214-632-4860 EMAIL: MAIL@SREMPHREY.COM; JOHN@GARIBALDILAWFIRM.COM | UNPAID RENT | | | | $437,138.00 |
| 27 109 NATCHES TRACE LLC ATTN: SCOTT REMPHREY 25 HIGHLAND PARK VILLAGE, SUITE 100-776 DALLAS, TX 75205 | ATTN: SCOTT REMPHREY PHONE: 214-632-4860 EMAIL: MAIL@SREMPHREY.COM; JOHN@GARIBALDILAWFIRM.COM | UNPAID RENT | | | | $426,041.85 |
| 28 LONGMONT GM LLC ATTN: NICK STUDEN 4404 FAIRWAY LANE BROOMFIELD, CO 80023 | ATTN: NICK STUDEN PHONE: 303-615-9595 EMAIL: SERB96@GMAIL.COM; TONYA@BASHAMCRE.COM | UNPAID RENT | | | | $419,497.11 |
| 29 LA SENDA 77 LLC ATTN: LES KEYAK 307 SOUTH B STREET, SUITE 1 SAN MATEO, CA 94401 | ATTN: LES KEYAK PHONE: 650-403-2307 EMAIL: LKEYAK@USRINVEST.COM; WLM@JSMF.COM | UNPAID RENT | | | | $406,974.47 |
| 30 QUATTRO SAN RAFAEL LLC ATTN: ROB WALTERS 1100 JORIE BLVD, SUITE 140 OAK BROOK, IL 60523 | ATTN: ROB WALTERS EMAIL: ROB@QUATTRODEVELOPMENT.COM; JOHN@GARIBALDILAWFIRM.COM | UNPAID RENT | | | | $406,264.30 |

**Fill in this information to identify the case:**

Debtor name   **HGE FIC Q LLC**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF TEXAS

Case number (if known)   _____

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■   Other document that requires a declaration   **Corporate Ownership Statement; List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **June 17, 2025**           X **/s/ Jonathan McCarthy**
                                              Signature of individual signing on behalf of debtor

                                              **Jonathan McCarthy**
                                              Printed name

                                              **Interim President and Secretary**
                                              Position or relationship to debtor

**JOINT RESOLUTIONS ADOPTED BY UNANIMOUS WRITTEN CONSENT OF
THE GOVERNING BODIES OF HIGHER GROUND EDUCATION, INC. AND
CERTAIN OF ITS SUBSIDIARIES**

June 17, 2025

The undersigned, being (i) all members of the board of directors (the "Board") of Higher Ground Education, Inc., a Delaware corporation, or (ii) the Manager of the entities listed on Schedule 1, attached hereto (together with the Board, each a "Governing Body," and collectively, the "Governing Bodies"), and such in each case acting in accordance with the applicable governing documents of Higher Ground Education, Inc. and each entity listed on **Schedule 1** (each, a "Company," and collectively, the "Companies"), hereby take the following actions by written consent and without the necessity of a meeting, which actions shall have the same force and effect as if duly adopted at a meeting duly called and held at which a quorum was present and acting throughout (the "Consent"):

**WHEREAS**, the Governing Bodies have considered the financial condition and circumstances of the Companies, including without limitation the assets and liabilities of the Companies and its operational performance;

**WHEREAS**, the Governing Bodies have had the opportunity to consult with management and the Companies' financial and legal advisors and fully consider each of the strategic alternatives available to the Companies, including the relative risks and benefits of bankruptcy proceedings;

**WHEREAS**, the Governing Bodies have determined in an exercise of their business judgment that it is advisable and in the best interest of the Companies to undertake the restructuring transactions set forth in that certain restructuring support agreement (the "Restructuring Support Agreement") by and among the Companies and certain consenting creditors and shareholders, substantially in the form attached hereto as **Exhibit A**, and to take such other actions with respect thereto;

**WHEREAS**, each Governing Body has consented to the consummation of filing chapter 11 petitions and to take the actions and enter into those certain debtor in possession financing (the "DIP Financing") notes dated among the Company as borrower, 2HR Learning, Inc., as senior lender, and Guidepost Global Education, Inc., as junior lender (together the "DIP Lenders", and such debtor in possession financing notes, together the "DIP Notes") and documents required to give effect thereto;

**WHEREAS**, the Board has reviewed and considered presentations by the management and financial and legal advisors of the Company regarding the DIP Financing and DIP Notes.

**WHEREAS**, the Company desires to employ certain professionals to assist the Companies in carrying out their duties under the Chapter 11 Cases (as defined below);

**WHEREAS**, after full consideration of the terms thereof, each of the undersign deem the Chapter 11 Cases and the related agreements and actions to be in the best interest of such Company; and

**WHEREAS**, the Governing Bodies hereby take the following actions and adopt the following resolutions pursuant to the organizational documents of each of the Companies, and the laws of the state of Delaware as applicable:

**1.**   <u>**Filing of Voluntary Petitions Desirable**</u>

**NOW, THEREFORE, BE IT RESOLVED**, that the Governing Bodies hereby find, determine and conclude that it is desirable and in the best interests of each Company and its subsidiaries and its shareholders, creditors, and other interested parties, including the creditors of the Companies' subsidiaries that voluntary petitions (the "<u>Voluntary Petitions</u>") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>") be filed by the Companies in the United States Bankruptcy Court for the Northern District of Texas (the "<u>Bankruptcy Court</u>").

**2.**   <u>**Appointment of Authorized Individuals**</u>

**RESOLVED**, that Marc D. Kirshbaum and Jonathan McCarthy and any other officer of the Companies that reports directly to one of the foregoing named officers, and any chief restructuring officer appointed under the authority of these resolutions (the "<u>Authorized Individuals</u>") be, and hereby are, each authorized to take such actions on behalf of the Companies as are described below.

**3.**   <u>**Actions by Authorized Individuals**</u>

**RESOLVED**, that the Governing Bodies hereby authorize and empower any of the Authorized Individuals to execute and verify the Voluntary Petitions in the name of each Company and its filing subsidiaries under chapter 11 of the Bankruptcy Code, and to cause the same to be filed in the Bankruptcy Court (the "<u>Chapter 11 Cases</u>"),  in such form and at such time as the Authorized Individual(s) executing the Voluntary Petitions on behalf of the Companies and its subsidiaries shall determine, and to take such other actions at such times as any of the Authorized Individuals deem necessary, appropriate or desirable to cause the preparation and filing of the Voluntary Petitions, schedules, statements of financial affairs, lists, affidavits, pleadings and other papers or documents, and to take any and all actions which any of the Authorized Individuals deem necessary or proper for and on behalf of the Companies to obtain relief under the Bankruptcy Code, including without limitation depositing the executed Voluntary Petitions, schedules, statement of financial affairs, lists, affidavits, pleadings and other papers or documents in the custody of the law firm of Foley & Lardner LLP ("<u>Foley</u>"), to be held in trust until such time as any of the Authorized Individuals instructs Foley, either orally or in writing, to file the Voluntary Petitions and schedules, statements of financial affairs, lists, affidavits, pleadings and other papers or documents; <u>provided</u>, <u>however</u>, the filing of such Voluntary Petitions shall be conditioned upon: (i) completion of the DIP Notes and documents related thereto and completion of the Restructuring Support Agreement and documents related thereto, or (ii) the filing of an involuntary petition or a direct threat of filing an involuntary petition by creditors who have already organized themselves to file such an involuntary petition; and be it

**FURTHER RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized and empowered on behalf of, and in the name of, the Companies to take such actions as any of them deem necessary, appropriate, advisable or desirable to pursue and maximize the

benefits of the Companies' rights in chapter 11, including without limitation: (a) making arrangements for use of cash collateral and/or entering into arrangements for financing, refinancing, and DIP Financing, in such amounts, with such interest rates and with such maturities as any of the Authorized Individuals may determine in their discretion, (b) pursuing and consummating any sale or sales of the Companies' assets any of them deem necessary or appropriate, and (c) developing, negotiating, confirming, and performing under a bankruptcy plan of reorganization or liquidation, and negotiating, executing and delivering on behalf of the Companies any and all agreements, instruments, and related documents and taking other actions that, in the judgment and discretion of any of the Authorized Individuals are necessary, appropriate, advisable, or desirable for pursuing and consummating such sale or sales of the Companies' assets or for such development, negotiation, and confirmation of, and performance under, such a bankruptcy plan of reorganization or liquidation, including without limitation executing asset purchase agreements, plans, and related documents and filing motions, applications and requests for other relief; and be it

**FURTHER RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized to employ the law firm of Foley as general bankruptcy counsel to the Companies and its direct and indirect subsidiaries, and to represent and assist the Companies and its direct and indirect subsidiaries in considering restructuring alternatives and in filing the Voluntary Petitions under chapter 11 of the Bankruptcy Code and to take any and all actions to advance the Companies' rights (including, but not limited to, advising the Companies and/or its subsidiaries with respect to the possible sale of assets; advising the Companies and/or its subsidiaries regarding general corporate matters; representing and advising the Companies and/or its subsidiaries in litigation; advising the Companies and/or its subsidiaries in state and federal regulatory matters; advising the Companies and/or its subsidiaries regarding finance matters; advising the Companies and/or its subsidiaries regarding securities law matters; advising the Companies and/or its subsidiaries regarding labor and employment matters; and advising the Companies and/or its subsidiaries regarding intellectual property matters), and, in connection therewith, the Authorized Individuals are authorized and directed to pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed appropriate applications for authority to retain the services of Foley; and be it

**FURTHER RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized to employ Verita Global, LLC f/k/a Kurtzman Carson Consultants, LLC ("Verita") as the notice, claims, solicitation, and balloting agent in connection with the Chapter 11 Cases commenced by the Companies and/or its direct and indirect subsidiaries under chapter 11 of the Bankruptcy Code, and in connection therewith, the Authorized Individuals are authorized and directed to pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed appropriate applications for authority to retain the services of Verita; and be it

**FURTHER RESOLVED**, that the Authorized Individuals continues to be, and each of them hereby is, authorized to employ SierraConstellation Partners, LLC ("SCP") to perform financial advisory services and to cause to be filed appropriate applications for authority to retain the services of SCP; and be it

**FURTHER RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized to employ any additional financial advisors, attorneys, or consultants to the Companies

as the Authorized Individuals deem necessary, appropriate, advisable or desirable to represent and assist the Companies in considering restructuring alternatives and carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Individuals are authorized to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed appropriate applications for authority to retain the services of such additional professionals; and be it

**FURTHER RESOLVED**, that the Authorized Individuals (and such Governing Bodies of the Companies, as applicable, or such officers, managers or agents of subsidiaries as the Authorized Individuals may from time to time designate) be, and each of them hereby is, authorized and empowered, in the name of, and on behalf of the Companies and its direct and indirect subsidiaries: (i) to take or cause to be taken any and all such other and further actions; (ii) to do and perform, or cause to be done or performed, all such acts and things; (iii) to negotiate, execute and deliver, or cause to be negotiated, executed or delivered, all such further papers, pleadings, documents and instruments of any type and description; and (iv) to pay, or cause to be paid, any and all fees, charges and costs of any type or description, all of which may be, or may be deemed to be, necessary, appropriate, advisable, or desirable to effect the purposes and intent of the foregoing resolutions, the necessity, propriety, advisability, or desirability of which shall be conclusively evidenced by the Authorized Individuals' taking, or causing to be taken, any such action, doing and performing, or causing to be done or performed, any such act or thing, executing and delivering, or causing to be executed and delivered, any such papers, pleadings, documents, or instruments, or paying, or causing to be paid, any such fees, charges and costs; and the execution by any of such Authorized Individuals' of any such papers, pleadings, documents or instruments, or the doing by any of them of any act or thing in connection with any of the matters or things contemplated by, arising out of or in connection with, or otherwise relating in any manner whatsoever, the subject of the resolutions set forth above, shall conclusively establish their authority therefor from the Companies and the approval and ratification by the Companies of any and all papers, pleadings, documents, and instruments so executed and delivered, and any and all action so taken, done or performed.

**4.    Restructuring Support Agreement**

**RESOLVED**, that the Companies shall be, and hereby are, authorized to enter into the Restructuring Support Agreement, with such changes, additions, and modifications thereto as an Authorized Individual executing the same shall approve, such approval to be conclusively evidenced by an Authorized Individual's execution and delivery thereof; and be it

**FURTHER RESOLVED**, that the Authorized Individuals be, and hereby are, authorized and empowered to enter into, on behalf of the Companies, the Restructuring Support Agreement, and to take any and all actions necessary or advisable to advance the Companies' rights and obligations therein, including filing pleadings; and in connection therewith, the Authorized Individual, with power of delegation, is hereby authorized, empowered and directed to execute the Restructuring Support Agreement on behalf of the Companies and to take all necessary actions in furtherance of consummation of such agreement's terms.

4907-6872-7879.2

5.      **DIP Financing and Use of Cash Collateral**

**RESOLVED**, the transactions contemplated by the DIP Notes (including, without limitation, the borrowings thereunder), the transactions contemplated therein, and the guaranties, liabilities, obligations, and guarantees, liens, and equity pledges granted in connection therewith, be, and hereby are, authorized, adopted and approved with such lenders and on such terms substantially consistent with those presented to the Governing Bodies on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Individuals, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Companies; and be it

**FURTHER RESOLVED**, that, in the judgment of the Governing Bodies, it is desirable and in the best interests of the Companies (including a consideration of their creditors and other parties in interest) to finalize, execute, and deliver the DIP Notes and any related ancillary documents, and the Companies' performance of their obligations thereunder, including granting liens, guarantees, and equity pledges; and be it

**FURTHER RESOLVED**, that the Companies' execution and delivery of, and the performance of their obligations (including guarantees) in connection with the DIP Notes, is hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Individuals, acting alone or with one or more Authorized Individuals, is hereby authorized, empowered, and directed to negotiate the terms of and to execute, deliver, and perform under the DIP Notes and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any such changes therein, additions, deletions, amendments, or other modifications thereto required to consummate the transactions contemplated by the DIP Notes in the name and on behalf of the Companies, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Individuals may in its sole and absolute discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Individuals is hereby authorized to be by pdf., DocuSign or other electronic or printed means as deemed necessary and preferable; and be it

**FURTHER RESOLVED**, that each of the Authorized Individuals, acting alone or with one or more Authorized Individuals, be, and hereby is, authorized and directed to seek authorization to enter into the DIP Notes and to seek approval of the use of cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), pursuant to a postpetition financing order in interim and final form with such changes therein, additions, deletions, amendments, or other modifications thereto as any Authorized Individual may in its sole and absolute discretion approve, and any Authorized Individual be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Companies, necessary to implement the postpetition financing, including providing for adequate protection to the secured parties in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Notes and the use of Cash Collateral in connection with the Chapter 11 Cases, which agreements may require adequate protection and liens to the DIP Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Companies pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Individual approves, such approval to be

5

conclusively evidenced by the taking of such action or by the execution and delivery thereof; and be it

**FURTHER RESOLVED**, that (i) the form, terms, and provisions of the DIP Notes, (ii) the grant of (a) collateral under the DIP Notes and (b) pledges of equity from which the Companies will derive value, be and hereby are, authorized, adopted, and approved, and (iii) any Authorized Individual of the Companies is hereby authorized, empowered, and directed, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Notes, substantially in the form provided to the Governing Bodies, and such other agreements, certificates, instruments, or other papers or documents to which each Company is or will be a party or any order entered into in connection with the DIP Notes (collectively with the DIP Notes, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Individual executing the same shall approve; and be it

**FURTHER RESOLVED**, that each Company, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens, guarantees, and providing equity pledges to secure such obligations; and be it

**FURTHER RESOLVED**, that each of the Authorized Individuals be, and hereby is, authorized and directed to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all schedules, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested under the Financing Documents; and (iv) such forms of officer's certificates and compliance certificates as may be required by the Financing Documents; and be it

**FURTHER RESOLVED**, that each of the Authorized Individuals be, and hereby is, authorized and directed to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions; and be it

**FURTHER RESOLVED,** that, after considering the foregoing and other matters that the Governing Bodies deem relevant, the Governing Bodies hereby (i) determine the DIP Notes, related transactions and the aforementioned interests are fair, just, reasonable, equitable, advisable and in the best interests of the Companies and their shareholders as currently proposed in all

material respects and that it is advisable and in the best interests of the Companies and their shareholders that the Companies continue to pursue the DIP Notes and consummate the related transactions as currently proposed in all material respects, subject to the consideration and approval of the Authorized Individuals of the final and definitive agreements, and (ii) approve the aforementioned interests.

6.      **Prior Related Acts**

**NOW, THEREFORE, BE IT RESOLVED**, that all of the acts and transactions of the Governing Bodies and the Authorized Individuals relating to matters contemplated by the foregoing resolutions, taken in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to execution of these resolutions, are hereby in all respects confirmed, approved, and ratified.

[signatures on next page]

4907-6872-7879.2

**IN WITNESS WHEREOF**, the undersigned, being members of the Board of Higher Ground Education, Inc. have executed this written Consent as of the date first written above and shall be filed with the records of the Company.

**BOARD OF DIRECTORS**

DocuSigned by:

*Marc Kirshbaum*

7E0D8FD7BD93481

Marc D. Kirshbaum, Independent Director

DocuSigned by:

40FE1F89F41148F

Jonathan McCarthy, Director

Signature Page to Joint Resolutions Adopted by
Unanimous Written Consent of the Governing Bodies of
Higher Ground Education, Inc. and Certain of its Subsidiaries

**IN WITNESS WHEREOF**, the undersigned, being the Manager and/or the Sole Member of each Company listed on Schedule 1, has executed this written Consent as of the date first written above.

**HIGHER GROUND EDUCATION, INC.**

Name:      Jonathan McCarthy
Its:          Interim President & Secretary

**GUIDEPOST A LLC**

By: Higher Ground Education, Inc.
Its: Manager and Sole Member

Name:      Jonathan McCarthy
Its:          Interim President & Secretary

Signature Page to Joint Resolutions Adopted by
Unanimous Written Consent of the Governing Bodies of
Higher Ground Education, Inc. and Certain of its Subsidiaries

<u>**Schedule 1**</u>
**List of Companies and State of Incorporation**

1.  Guidepost A LLC (Delaware)

2.  Prepared Montessorian LLC (Delaware)

3.  Terra Firma Services LLC (Delaware)

4.  Guidepost Birmingham LLC (Delaware)

5.  Guidepost Bradley Hills LLC (Delaware)

6.  Guidepost Branchburg LLC (Delaware)

7.  Guidepost Carmel LLC (Delaware)

8.  Guidepost FIC B LLC (Delaware)

9.  Guidepost FIC C LLC (Delaware)

10. Guidepost Goodyear LLC (Delaware)

11. Guidepost Las Colinas LLC (Delaware)

12. Guidepost Leawood LLC (Delaware)

13. Guidepost Muirfield Village LLC (Delaware)

14. Guidepost Richardson LLC (Delaware)

15. Guidepost South Riding LLC (Delaware)

16. Guidepost St Robert LLC (Delaware)

17. Guidepost The Woodlands LLC (Delaware)

18. Guidepost Walled Lake LLC (Delaware)

19. HGE FIC D LLC (Delaware)

20. HGE FIC E LLC (Delaware)

21. HGE FIC F LLC (Delaware)

22. HGE FIC G LLC (Delaware)

23. HGE FIC H LLC (Delaware)

24. HGE FIC I LLC (Delaware)

25. HGE FIC K LLC (Delaware)

26. HGE FIC L LLC (Delaware)

27. HGE FIC M LLC (Delaware)

28. HGE FIC N LLC (Delaware)

29. HGE FIC O LLC (Delaware)

30. HGE FIC P LLC (Delaware)

31. HGE FIC Q LLC (Delaware)

32. HGE FIC R LLC (Delaware)

33. LePort Emeryville LLC (Delaware)

34. AltSchool II LLC (Delaware)